JAMES NORLIN, Appellant, v. ROBERT NOLAN, Appellee.

**DAMAGES: Direct and Remote.** One who contracts for pasturage for his stock for a stated period will be liable in damages (1) for food consumed by the stock after the expiration of said time, and (2) for the reasonable value of the services in caring for said stock after said time, but not (3) for pain and discomfort caused by frostbites incurred while caring for said stock after said time.

*Appeal from Sioux District Court.*—WILLIAM HUTCHINSON,
, Judge.

MAY 15, 1923.

ACTION to recover damages. Demurrer to petition was sustained. Plaintiff appeals.—*Reversed and remanded.*

*C. A. Plank,* for appellant.

*C. E. Gantt,* for appellee.

ARTHUR, J.—The petition was in three counts. In Count 1, plaintiff alleged, in substance, that, on December 21, 1917, he and defendant entered into an oral contract, by the terms of which plaintiff agreed to furnish to defendant pasturage for 133 head of large cattle in a 58-acre field of cornstalks belonging to plaintiff; that, by the terms of said oral contract, the cattle were to remain in said stalk field not more than ten days; that defendant was to and did pay plaintiff $65 for the use of said field of cornstalks; that, at the expiration of ten days, on January 1, 1918, plaintiff notified defendant that the feed was exhausted; that the cattle were cold, restless, and hungry; that it was necessary to watch them and herd them day and night, to prevent them from breaking out of the stalk field and doing damage to his property; that defendant failed and refused to come to the premises and get his cattle at the expiration of the ten-day period, and did not come after them until January 12th; that the cattle had broken out of the stalk field, which was inclosed by a fence; that plaintiff and his family herded and cared for the cattle the best they could; but that said cattle, being wild, cold, and hungry, continually broke out of the said stalk field, in spite of plaintiff's efforts to control them, and broke down fences and destroyed and wrecked buildings and destroyed and ate corn belonging to plaintiff, located on his premises outside of said stalk field, of the value of $267.50; that plaintiff's services for herding the cattle and endeavoring to control them and keeping them within the stalk field after the expiration of the ten days were reasonably worth $50. Plaintiff demanded damages in the amount of $317.50.

In Count 2, plaintiff states that defendant failed to take the cattle out at the expiration of ten days; that the cattle broke the fences and got out of the inclosure, etc.; that his wife assisted in herding · the cattle, after the expiration of. the ten days, and that her services were worth $50; and that account for her services had been assigned to him, for which plaintiff demanded $50.

In Count 3, the allegations of Count 1 were adopted, relative to the contract and to placing the cattle in the stalk pasture, and to the failure of defendant to take them out of the stalk field at the expiration of the ten-day period; that the cattle broke down the fences and got out of the inclosure, etc.; that, by reason of the failure of defendant to come and get his cattle, as per contract, and by reason of the fact that plaintiff's wife assisted in· herding the cattle, in an attempt to control them, after the expiration of the ten-day period, she froze her cheeks and feet; that, at midnight on January 10th, a large number of cattle ran forcibly against their dwelling house, the ' impact shaking the house and causing the walls to move; that the cattle broke a window in the house, thrusting their heads into the room where plaintiff's wife was; that the ramming of the house by the cattle frightened plaintiff's wife, which caused plaintiff's wife to become nervous and frightened, so that she did not sleep well for a long time thereafter; that, as a result of said actions of defendant's cattle, his wife suffered physical and mental pain, to her injury in the sum of $950; that such claim for injury has been assigned to him by his wife, and plaintiff claimed damages therefor in the amount of $950.

Plaintiff alleged that the fence surrounding the stalk field was sufficient to keep the cattle therein, under normal and ordinary conditions, and until the feed was exhausted and the cattle became hungry and restless.

Defendant demurred to each count of the petition. The demurrer to Count 1 was, in substance, that the facts alleged do · not entitle plaintiff to relief; that the damages claimed were too remote, and not the result of any acts of negligence on the part of defendant; that there was no allegation that there was any contract by which defendant agreed to pay for the damages claimed, nor any allegation of negligence on the part of defend-

ant on which liability for damages could be based; that, if there was any damage caused, it resulted from insufficiency of the fences; and that plaintiff was in charge of the premises, and defendant was under no obligations to keep up the fences.

The demurrer to Count 2, in substance, was that the cause of action is based on claim for services rendered in herding the cattle, which claim could arise only under contract, and no facts are stated in the petition from which a contract between defendant and plaintiff's wife could be inferred, by which defendant was to pay for said services.

Demurrer to Count 3, in substance, was that there was no showing of any contractual liability on the part of defendant for the damages claimed, nor of any acts of negligence on the part of defendant from which the damages might arise; that the damages claimed are not shown to arise from any act of defendant's, and that the same are too remote, and not such as could reasonably have been foreseen to result from the act of the defendant; that no acts on the part of defendant are alleged which can be claimed to be the proximate cause of the damages claimed.

The demurrer was sustained to all three counts of the petition. Plaintiff elected to stand on his petition, and prosecutes this appeal from the order of court sustaining the demurrer.

Appellant complains that the court erred in sustaining the demurrer to the several counts of the petition. The petition is not skillfully drawn. It is hoped that, before it is again presented to a court, if it should be, it may be reconstructed, and made more orderly and intelligent. However, we think that Count 1 of the petition sufficiently alleges a cause of action for damages done by the cattle to plaintiff's corn, and that it was error to sustain the demurrer as to said Count 1. The petition alleges a contract for pasturage of the cattle for a period of ten days in plaintiff's stalk field; that, in pursuance of the contract, the cattle were placed in the field; that the contract provided that the cattle were in no event to remain in the field to exceed ten days; that the ten days expired on January 1st, and that defendant did not take his cattle away from plaintiff's premises until some ten days later; that, at the end of the ten-day period, the feed in the stalk field was exhausted, and that the cattle be-

came hungry, wild, cold, and uncontrollable; that plaintiff notified defendant of such facts, and requested him to take the cattle away from his premises; that, on account of the cattle's being without feed, they broke out of the inclosure, although the fences around the stalk field were sufficient to retain the stock under normal conditions of the stock; that the stock repeatedly broke through the fences and out of the inclosure, although plaintiff attempted to herd and control them; that, after the cattle broke out of the inclosure, they destroyed and devoured plaintiff's corn, located in piles on his premises. We think that said Count 1 states a cause of action, based on breach of the contract alleged, whereby it was agreed that the cattle would not remain in the stalk field to exceed ten days. It was just as much a part of the contract that defendant was to take his cattle out of the stalk field at the expiration of ten days as it was that plaintiff was to receive the cattle in the stalk field at the beginning of the ten-day period. Moreover, it is alleged in the petition that plaintiff notified the defendant of the conditions existing; that the feed was exhausted; and that the cattle were cold and hungry and wild, and had to be herded in an attempt to control them. We think that the petition sufficiently states a cause of action, based on breach of the contract.

We think that Count 2, based on services for herding the cattle after the expiration of the ten-day period, when the feed in the stalk field became exhausted and the cattle became hungry, wild, and uncontrollable, and required herding, and when defendant had been notified of the situation, sufficiently states a cause of action.

As to Count 3 of the petition, we think that the damages alleged are of a character too remote and uncertain, and that it was not error to sustain the demurrer thereto.

For the reasons above set forth, the case is—*Reversed and remanded.*

Preston, C. J., Evans and Faville, JJ., concur.